HARDY, Judge.
This is a suit seeking the issuance of a writ of mandamus on behalf of Coy Poole, relator, ordering the LaSalle Parish School Board to reinstate said relator in his allegedly tenured permanent position as a school busoperator on a certain route in LaSalle Parish. Responsive to relator’s petition alternative writs of mandamus were issued, but after trial on the return thereof there was judgment rescinding ■the rule to show cause and dismissing relator’s demands at his cost. From this judgment relator has appealed, seeking a reversal thereof, and, in the alternative, has filed in this Court a motion to remand the case for completion of the record.
The only pertinent established facts, which we think it necessary to consider are, first, that relator, who had been employed by the LaSalle Parish School Board as a school bus driver over a period of some fifteen years, more or less, occupied a permanent status under the provisions of the School Bus Drivers Tenure Law, and, *160 second, that the LaSalle Parish School Board, after a hearing at a meeting held, on October 1, 1949, due notice having been given relator in accordance with law, at which meeting relator and his counsel were present, took action consolidating the school route theretofore served by the relator with two other existing routes. This action was taken by the Board after a finding of fact that the proposed consolidation was for the best interest of the Parish School system.
The result of the action of the School Board was to dispense with relator’s services, and, understandably, it is of this that relator complains.
Analyzing the allegations of relator’s petition and the arguments of his counsel as advanced in brief before this Court, it appears that relator seeks relief, that is, the restoration of his employment, upon the basis of charges that the action of the School Board was purely political in nature, designed for the purpose of eliminating relator as an employee of the School Board, and that the assigned reason by the Board that the action was in the best interest of the Parish School system was pure subterfuge. In effect relator’s position is that the action of the Board was arbitrary, null and void, and was a gross, flagrant and intentional violation o.f the spirit of the School Bus Drivers Tenure Law.
Counsel for relator sincerely and emphatically complains that on hearing of the rule the trial Judge refused to admit a number of offerings bearing upon the action of the School Board prior to the meeting of October 1st, which, according to counsel’s •contentions, would have established relator’s allegations of conspiracyj fraud and political motivation.
The offerings in question consisted of exhibits comprising minutes of school board meetings dating back to the month of August, reflecting actions taken by the Board leading up to the final decision after the hearing of October first.
The only provision of law which is here involved is found in what is now LSA-RS .17:493, which reads as follows:
“§ 493. Removal of bus operators; procedure
“A permanent school bus operator shall not be removed from his position except upon written and signed charges of wilful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties,' or failure to keep his transfer equipment in safe, comfortable and practical operating condition, and then only if found guilty after a hearing by the school board of that parish in which the school bus operator is employed. An additional ground for the removal from office of any permanent school bus operator shall be the abolition, discontinuance or coiisolidation of the route he serves, but then only if it is found as a fact, after a hearing by the school board of the parish, that it is for the best interests of the school system to abolish, discontinue, or consolidate the route served by the operator sought to be discliarged. All hearings hereunder shall be private or public, at the option of the operator. At least fifteen days' in advance of the date of the hearing, the school board shall furnish the operator sought to be discharged a copy of the written grounds on which removal or discharge is sought. The operator shall have the right to appear in his own behalf and with counsel of his selection, and be heard by the board at the hearing. Nothing herein shall impair the right of the parties to appeal to a 'court of competent jurisdiction.” (Emphasis by the Court.)
It is upon the emphasized portion of the above quoted statutory provision that the respondent School Board relies in support of the validity of its action.
The fact that the School Board meticulously complied with the conditions provided by the statute for the protection of the operator is not open to question. The hearing of October 1st was private by election of the relator; the fifteen days’ notice of the hearing and the copy of the grounds for removal were duly furnished the operator ; the relator and his counsel • were present at the meeting and were heard by the Board.
Striking at the very heart of the question before us and eliminating all extraneous *161 and impertinent ramifications of the problem, we are impressed with the fact that there is no evidence in the record before us indicating that relator made any showing whatsoever in opposition to, the validity of the conclusion reached by the Board to the effect that the consolidation of three school bus- routes into two routes was for the best interest of the Parish School system.
The trial on the rule affirmatively established the fact that the community school known as the Aimoch School, comprehending a maximum of fourteen pupils and one teacher, which was the school served by relator, had been closed by action of the Board and consolidated with the schools in the Town of Jena. As a consequence of this consolidation it was practicable for the Board to arrange -for the transportation of the school children by means of two other existing routes and thereby to dispense with the necessity and expense of the continuance of three routes. The economy of such a move is obvious and again we iterate that no attack was made by relator upon the feasibility of the effected consolidation of routes,
Relator’s attacks upon the action of the Board are predicated upon the proposition that his elimination from his employment as a bus operator was inspired by the fact that he had refused to support the election of the successful candidate for member of the School Board from his ward, and that the action of the Board was punitive in. nature, inspired by the said member for the sole purpose of depriving relator of his employment.
Even conceding, arguendo, the correctness of relator’s cnclusions as to the motive, we still would be helpless to grant the relief sought in view of the complete failure of relator to controvert the finding of the Board to the effect that the consolidation was in the best'interest of the Parish School system. It follows, therefore, as an inescapable conclusion, that relator’s demands were properly rejected.
The reasons above assigned further effectively dispose of relator’s motion to remand for the completion of the record. Again conceding for the sake of argument that the proceedings of the School Board meetings prior to October 1, 1949, were pertinent.to the charges of conspiracy and political action leveled by relator,..they could have no effect upon the findings made, the conclusion reached and the action legally taken by the School Board at the meeting, of October 1st after compliance with all requirements established by law ■ in the interest and for the= protection of ■ relator.
The judgment appealed from is affirmed at appellant’s cost. -